The Honorable Anthony Brown State Representative, 38th District
1229 Acorn Eudora, Kansas 66025
The Honorable Chris Steineger State Senator, 6th District 51 South 64th Kansas City, Kansas 66111
The Honorable Owen Donohoe State Representative, 39th District
6265 Arapahoe Shawnee, Kansas 66226
The Honorable Lana Gordon State Representative, 52nd District 5820 SW 27th Street Topeka, Kansas 66614
Dear Senator Steineger and Representatives Brown, Donohoe and Gordon:
As state legislators, you inquire whether during the course of an evaluation of an employee conducted in executive session, if the employee is evaluated upon the ability to implement policies, to what extent may those policies be discussed during the closed session.
The Kansas Open Meetings Act (KOMA) "is declared to be the policy of this state that meetings for the conduct of governmental affairs and the transaction of governmental business be open to the public."[1] KOMA imposes the requirement for open government on any "body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency."[2] "All legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or part by public funds shall be open to the public. . . ."[3] KOMA does not address the content of a meeting. All meetings that satisfy the KOMA definition are open to the public.[4]
KOMA also permits a governing body or agency to close its doors for the discussion of a limited number of topics in executive session.[5] Exceptions to the requirement of openness are to be narrowly construed.[6] The question you raise concerns one of the allowable topics of an executive session, the discussion of "personnel matters of nonelected personnel."[7] You have provided several questions in order to seek guidance in those circumstances when a body or agency is conducting a performance review of an employee and that employee is responsible for the implementation of policies or directives adopted by the body or agency. The concern is that the body or agency may shift the discussion, either intentionally or innocently, to the policy or directive rather than the performance of the employee. You specifically have inquired about implementing the agency's budget and the relationship to tax policy, proposed changes in services, and potential reductions in force. However, at what point permissible discussion of an employee's implementation of policy becomes impermissible discussion of the policy itself will depend upon the facts. Accordingly, this opinion can only provide general guidance for governing bodies or agencies subject to KOMA that conduct staff evaluations that may touch upon the implementation of adopted policies.
The requirement that discussions held, actions taken or policies considered, rejected or adopted in meetings open to the public is well-settled.[8] However, adopting policies only covers a portion of the provision of governmental services. After a policy or directive has been adopted, the responsibility for implementation generally falls to a staff member. This arrangement represents the differentiation between the policy and decision-making role of the agency or body and the administrative role of the staff. Briefly stated, policy is determining "what" is to be accomplished, and, administration is responsible for determining "how" to implement the policy within the guidelines provided and resources available. Although it may appear that these roles are separate and distinct, ongoing communication and discussion between the policy makers and their staff create the most effective organizations and services.
As Attorney General Robert T. Stephan stated in an earlier opinion, the underlying purpose for the discussion of personnel in executive session is to "protect the privacy of employees, saving personal reputations and encouraging qualified people to select and remain in the employ of government."[9] In order to facilitate candid feedback between policy makers and their staff, KOMA permits the evaluation of an individual employee within an executive session.[10] KOMA also permits other personnel-related topics to be discussed, but for purposes of this opinion, only the evaluation of an employee is considered.[11]
KOMA does not generally permit the review of agency policies and directives in executive session. However, the Kansas courts have considered the situation when two topics are intertwined, one permitted in executive session and the other permissible only in an open meeting.[12] The court adopted the policy that if segregating discussion of the topics "would have been burdensome and impractical, if not impossible, due to the common thread of the connection of the [employees], whose privacy should be protected," the entire discussion could take place in executive session.[13]
Applying the holding of the court to the situations you have described, the discussion must focus upon the employee and their performance. Any policy or directive adopted by the governing body or agency may only be discussed within the context of the employee's performance. As with any question regarding the appropriateness of a topic in executive session, an investigation may be necessary to determine all of the relevant facts. Within an executive session, the governing body or agency, their staff and attorney should remain vigilant and engage in self-policing to assure compliance with KOMA.
In summary, the evaluation of an employee may lawfully take place in a properly called and conducted executive session. To the extent that the employee is being evaluated upon their performance relative to a policy or directive adopted by the governing body or agency, such a policy or directive may be discussed only within the context of the employee's performance. At what point discussion moves from permissible discussion to impermissible discussion of the policy itself will depend upon the facts.
Sincerely,
 Steve Six Attorney General
 Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] K.S.A. 2008 Supp. 75-4317(a).
[2] K.S.A. 2008 Supp. 75-4317a.
[3] K.S.A. 2008 Supp. 75-4318(a).
[4] K.S.A. 2008 Supp. 75-4317a.
[5] K.S.A. 2008 Supp. 75-4319.
[6] Attorney General Opinion No. 96-61 citing Attorney General Opinion No. 87-10 and Smoot and Clothier, Open Meetings Profile:The Prosecutor's View, 20 Washburn L.J. 241, 275 (1981).
[7] K.S.A. 2008 Supp. 75-4319(b)(1).
[8] See Coggins v. Public Employee Relations Board,2 Kan.App.2d 416 (1978) which was decided before the definition of "meetings" was adopted in K.S.A. 75-4317a, the court extended KOMA to include all stages of the decision-making process, not just those instances where a final action was taken.
[9] Attorney General Opinion No. 88-25 quoting Smoot and Clothier at 275.
[10] K.S.A. 2008 Supp. 75-4319(b)(1). Discussions of an employee and their abilities are best held in executive session because of the possibility of violating an employee's liberty interest, in other words, their reputation. See Miller v. City of Mission,Kan., 705 F.2d 368 (10th Cir. 1983).
[11] See Attorney General Opinions No. 80-102
[12] State v. U.S.D. No. 305, 13 Kan.App.2d 117 (1988).
[13] Id. at 120, 121.